UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Victoria Gulley aka Harris, | ) |
| | ) |
| individually and on behalf of all others similarly situated, | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) **CLASS ACTION COMPLAINT** |
| | ) |
| Midland Credit Management, Inc., Midland Funding LLC and | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| JOHN DOES 1-25, | ) |
| | ) |
| Defendant(s). | |

_____

Plaintiff Victoria Gulley aka Harris  (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against Defendant Midland Credit Management, Inc. and   (hereinafter "Defendant MCM") and Defendant Midland Funding LLC (hereinafter "Defendant  Midland Funding") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1

1.     Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## **JURISDICTION AND VENUE**

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of Georgia consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.    Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.    Plaintiff is a resident of the State of Georgia, County of Douglas, 1140 Pleasant Oak Lane, Douglasville, GA 30134.

8.    Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served upon their registered agent, Midland Funding LLC, 260 Peachtree St., NW, Ste. 2109, Atlanta, GA 30303.

9.    Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    Defendant Midland Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and can be served

upon their registered agent, Midland Credit Management, Inc. 260 Peachtree St., NW, Ste. 2109, Atlanta, GA 30303.

11.    Upon information and belief, Defendant Midland Funding is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13.    John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.    Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.    The Class consists of:

    a.  all individuals with addresses in the State of Georgia;

    b.  to whom Defendant MCM sent an initial collection letter attempting to collect a consumer debt;

    c.  containing deceptively worded settlement offers;

    d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class

members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

17.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    Some time prior to February 4, 2021, an obligation was allegedly incurred to creditor Synchrony Bank.

23.    The Synchrony Bank obligation arose out of transactions incurred primarily for personal, family or household purposes, specifically and Old Navy credit card.

24.    The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.    Synchrony Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.    Synchrony Bank. purportedly sold the alleged debt to Defendant Midland who contracted with the Defendant MCM to collect the alleged debt.

*Violation – February 4, 2021 Collection Letter*

27.    On or about February 4, 2021, Defendant MCM sent the Plaintiff a collection letter (the "Letter") on behalf of Defendant Midland regarding the alleged debt owed to Citibank, N.A. See a true and correct copy of the Letter attached at Exhibit A.

28.    The letter states a current balance of $4,800.19 and gives three payment options:

1) Save 10%  - Pay 1 payment of $4,320.17.

2) Save 5%  - Pay 6 monthly payments of $760.03

3) "Monthly Payments As Low As: $50.00 per month"

29.    The third option provided by Defendant is not adequately explained and results in two different possible interpretations.

30.    First, Option 3 might be construed to be an option where a discounted amount is being paid in monthly payments.

31.    Second, Option 3 might be construed to be an option where monthly payments would be made until the debt is paid off in full.

32.     By failing to explain whether Option 3 is a settlement option or a full pay option, the Letter is false, deceptive and misleading to the Plaintiff.

33.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

34.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

35.     Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

36.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

37.     Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

38.     Plaintiff would have pursued a different course of action were it not for the statutory violations.

**COUNT I**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

39.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.     Defendant violated §1692e:

    f.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

    g.  By making a false and misleading representation in violation of §1692e(10).

43.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

44.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Victoria Gulley aka Harris, individually and on behalf of all others similarly situated, demands judgment from the Defendants as follows:

   a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Misty Oaks Paxton, Esq. as Class Counsel;

   b. Awarding Plaintiff and the Class statutory damages;

   c. Awarding Plaintiff and the Class actual damages;

   d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   e. Awarding pre-judgment interest and post-judgment interest; and

f.   Awarding Plaintiff and the Class such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:        June 14, 2021                    Respectfully Submitted,

/s/ Misty Oaks Paxton
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Point
Decatur, GA 30034
Phone: (405) 529-6257
Fax: (775) 320-3698
attyoaks@yahoo.com

*Attorney for Plaintiff*